Filed 11/3/16

CERTIFIED FOR PUBLICATION


COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D067267 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD250197) |
| MIGUEL GUARNEROS, | |
| Defendant and Appellant; | |
| COUNTY OF SAN DIEGO, | |
| Claimant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Diego County,

Robert F. O'Neill, Judge.  Affirmed.

RJS Law and Ronson J. Shamoun for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General,

Barry J. Carlton and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and

Respondent.

Thomas E. Montgomery, County Counsel, and Rachel H. Witt, Deputy County

Counsel, for Claimant and Respondent.

## I.

## INTRODUCTION

Defendant Miguel Guarneros appeals from an order of the trial court denying his motion to reduce the restitution collection fee imposed on him in a criminal case. Guarneros pled guilty and agreed to pay victim restitution. The court ordered victim restitution and imposed a restitution collection fee of 15 percent of the total restitution ordered, pursuant to Penal Code section 1203.1, subdivision (*l*) (Section 1203.1(*l*)) and San Diego County Code of Administrative Ordinances, article XX, section 363, subdivision (m) (Collection Fee Ordinance), which authorize the imposition of such a fee. Guarneros contends that the trial court's denial of his request to reduce the 15 percent restitution collection fee was erroneous and/or amounts to an abuse of the court's discretion. We reject Guarneros's contention and affirm the judgment of the trial court.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

Guarneros ran a car dealership in Spring Valley, California. The business was required to file and pay sales tax to the California Board of Equalization (BOE) on a quarterly basis from sales of cars. Between 2008 and 2011, Guarneros failed to remit to the state all of the sales tax that he collected from customers. Instead, Guarneros filed fraudulent tax returns with the BOE. After an investigation, the BOE determined that Guarneros had failed to report approximately $378,000 in sales tax between 2008 and 2011.

Guarneros pled guilty to one count of grand theft (Pen. Code,[1] § 487) and one count of commercial burglary (§ 459).

The trial court placed Guarneros on probation for five years. As part of his plea agreement, Guarneros agreed to pay $400,360 in restitution. He had paid $90,000 of that amount prior to pleading guilty. At the sentencing hearing, the court ordered him to pay the remaining $310,360 in restitution. The trial court also ordered Guarneros to pay a restitution collection fee, which the court assessed at 15 percent of the $310,360 restitution amount, pursuant to Section 1203.1(*l*) and the Collection Fee Ordinance, which requires the imposition of a restitution collection fee in any case in which the trial court orders a defendant to pay victim restitution.

On October 29, 2014, Guarneros filed a motion requesting that the court either waive the restitution collection fee in its entirety or significantly reduce the fee to $2,500. The County of San Diego, Office of Revenue and Recovery, appeared in the action and filed an opposition to Guarneros's motion. The trial court denied Guarneros's motion on November 12, 2014.

Guarneros filed a timely notice of appeal from the trial court's judgment. After Guarneros and the People completed briefing on appeal, this court, on its own motion, requested briefing from the County of San Diego because the County appeared in the trial court on this matter and has an interest in the outcome of this appeal. Guarneros was

---

[1] Further statutory references are to the Penal Code unless otherwise indicated.

permitted to file a supplemental reply brief in order to respond to the arguments made by the County of San Diego in its brief.

III.

DISCUSSION

Guarneros contends that the trial court erred in denying his motion to reduce the restitution collection fee imposed on him in connection with the order that he pay victim restitution. Guarneros maintains that the trial court's imposition of a 15 percent restitution collection fee is erroneous and/or amounts to an abuse of the court's discretion. Guarneros asserts that the intent of the Legislature with respect to the restitution collection fee is to "make the collection fee mandatory" but to "limit[ ] [the fee] to the actual cost of collection" of the restitution in a particular case. For this reason, he contends, the trial court's imposition of a restitution collection fee equal to $46,544, which, he asserts "far exceeds the actual cost of collecting" the amount of restitution ordered in his case, was "not appropriate," "excessive," and "exceeds the bounds of reason."

A. *Additional background*

Guarneros agreed that he owed the BOE $400,360, and paid $90,00 of that amount prior to pleading guilty. At his plea hearing, Guarneros agreed that he continued to owe $310,360 in victim restitution.

At the sentencing hearing, the trial court reviewed the probation report. The report recommended terms and conditions, including the payment of $310,360 in victim restitution, and a county restitution collection fee of 15 percent of the victim restitution

4

amount. Guarneros's attorney moved to have the restitution collection fee waived, noting that a 15 percent fee would amount to approximately $45,000, in addition to the already significant restitution amount. The trial court denied the request but indicated that it would permit Guarneros's attorney to investigate the actual costs of collecting restitution and to seek a modification of the court's order imposing the County's restitution collection fee.

Guarneros's attorney filed a motion seeking a waiver or modification of the County collection fee. He submitted as an exhibit a document obtained from the San Diego County Office of Revenue and Recovery, demonstrating that in fiscal year 2013-2014, San Diego County spent $265,177 attempting to collect victim restitution. During this same time period, San Diego County received $190,648 from the restitution collection fees imposed by courts on defendants who had been convicted and ordered to pay victim restitution. The Office of Revenue and Recovery thus sustained a deficit of $74,529 during the 2013-2014 fiscal year.

Guarneros's attorney argued that much of the work of the Office of Revenue and Recovery was ministerial, requiring little more than "the cashing of checks and payment to victims." Counsel also suggested that because the BOE has its own collection department, Guarneros could make his payments directly to the BOE, and any default on his part could be handled by the BOE.

The County opposed Guarneros's motion, noting that it is impossible to determine the "actual cost to collect on the matter at hand" because the actual cost "cannot be quantified" until the entire amount of victim restitution is paid. Further, the County noted

that it applies the "actual cost of collection" limitation at the "program level," rather than at the individual case level.

At the hearing on Guarneros's motion to waive or modify the County collection fee amount, Guarneros argued that he should not have to subsidize the programmatic costs of collection. He asserted that the trial court had the discretion to reduce the fee amount. The trial court denied Guarneros's motion.

B. *Analysis*

The Penal Code authorizes the imposition of an administrative fee in connection with the collection of victim restitution ordered as a condition of probation. Guarneros contends that the trial court had the discretion to impose or decline to impose, or to impose but reduce the amount of, a restitution collection fee. He urges this court to "exercise its discretion in reducing the 15% collection fee imposed on the restitution amount to $5,000." Specifically, Guarneros argues (1) that pursuant to Section 1203.1(*l*), the County enacted a fee structure that grants discretion to the trial court in imposing the fee and the trial court should have exercised its discretion by taking into account his economic circumstances and reduced the fee; (2) that the relevant statute and ordinance require that the fee be based on the " 'actual' administrative cost of collecting the ordered restitution," and the County has not demonstrated that the actual cost of collecting the $310,360 in victim restitution ordered will be $46,544; and (3) that if the collection fee is not reduced in his case, the collection fee may be "punitive" in nature and therefore against public policy. Guarneros essentially contends that the trial court's imposition of a 15 percent collection fee in this case is too high, and that a reduction in the amount of the

6

fee to $5,000 would more "accurately reflect the actual cost of collection." We conclude that Guarneros has not established that the trial court's order denying his request to waive or reduce the imposed 15 percent restitution collection fee was erroneous, given that the governing statute and ordinance authorize the imposition of such a fee.

" 'The objective of statutory construction is to determine the intent of the enacting body so that the law may receive the interpretation that best effectuates that intent. [Citation.] "We first examine the words themselves because the statutory language is generally the most reliable indicator of legislative intent. [Citation.] The words of the statute should be given their ordinary and usual meaning and should be construed in their statutory context." ' " (*City of Alhambra v. County of Los Angeles* (2012) 55 Cal.4th 707, 718-719.) In addition, when interpreting an ambiguous statute, " 'consideration must be given to the consequences that will flow from a particular interpretation. [Citation.] In this regard, it is presumed the Legislature intended reasonable results consistent with its expressed purpose, not absurd consequences.' " (*Santa Clara County Local Transportation Authority v. Guardino* (1995) 11 Cal.4th 220, 235.)

Section 1203.1(*l*), which authorizes the imposition of an administrative fee in connection with the collection of victim restitution ordered as a condition of probation, provides:

> "If the court orders restitution to be made to the victim, the entity collecting the restitution may add a fee to cover the actual administrative cost of collection, but not to exceed 15 percent of the total amount ordered to be paid. *The amount of the fee shall be set by the board of supervisors if it is collected by the county* and the fee collected shall be paid into the general fund of the county treasury for the use and benefit of the county. The amount of the fee shall be

7

set by the court if it is collected by the court and the fee collected shall be paid into the Trial Court Operations Fund or account established by Section 77009 of the Government Code for the use and benefit of the court." (Italics added.)

As the language of this statutory provision makes clear, the entity that collects restitution "may add a fee" related to the collection of restitution for the victim; thus, the entity that collects victim restitution is granted discretion to set a fee. If the entity decides to add a restitution collection fee, it may set the fee at any amount, not to exceed 15 percent of the restitution amount ordered.

When the entity that collects victim restitution is a county, as opposed to the court, the board of supervisors for that county is granted the authority to decide what the collection fee should be, subject only to a ceiling of 15 percent of the restitution amount ordered in a particular case. With respect to victim restitution ordered as a condition of probation in a San Diego County court, the entity of San Diego County (the County), is the entity that collects victim restitution. Therefore, under Section 1203.1(*l*), if the County wishes to collect a restitution collection fee, the San Diego Board of Supervisors is entitled to "set" the "amount of the fee." The San Diego County Board of Supervisors has enacted an ordinance (the Collection Fee Ordinance) pursuant to Section 1203.1(*l*), demonstrating the County's desire to impose the administrative restitution collection fee. The Collection Fee Ordinance tracks some of the language of Section 1203.1(*l*), and provides:

> "If the court orders restitution to be made to the victim, a fee to cover the actual administrative cost of collection, but not to exceed 15% of the total restitution ordered, *shall* be added to the restitution fine ordered pursuant to Penal Code Section 1203.1(l)." (San Diego

8

County Code of Admin. Ordinances, art. XX, § 363, subd. (m) (Admin. Ordinances, § 363(m)), italics added.)

As we interpret the Collection Fee Ordinance, any time a court orders a defendant to pay restitution to a victim, the court is required to also impose a restitution collection fee that may not exceed 15 percent of the restitution ordered in the case. Contrary to Guarneros's arguments in the trial court, the Collection Fee Ordinance does not give a trial court discretion to waive the restitution collection fee entirely. The Ordinance states that a collection fee "shall be added" to any restitution ordered (Admin. Ordinances, § 363(m)), thereby requiring the imposition of the fee. (See *Common Cause v. Board of Supervisors* (1989) 49 Cal.3d 432, 443 ["It is a well-settled principle of statutory construction that the word 'may' is ordinarily construed as permissive, whereas 'shall' is ordinarily construed as mandatory . . . ."].)

However, we agree with Guarneros to the extent that he argues that the Collection Fee Ordinance grants the trial court discretion to impose a fee *up to* 15 percent of the amount of victim restitution ordered in a case. The Collection Fee Ordinance provides that "a fee . . . not to exceed 15% of the total restitution ordered, shall be added to the restitution fine." Thus, the Collection Fee Ordinance authorizes the trial court to impose a fee that can be as high as 15 percent of the restitution ordered. In imposing this requirement, and setting a ceiling of 15 percent of the restitution amount, the Collection Fee Ordinance establishes that the imposition of a fee that does not exceed 15 percent of the restitution amount is legally authorized. In this case, the trial court imposed a 15

9

percent restitution collection fee, which is clearly legally authorized pursuant to the County's Collection Fee Ordinance.

We reject, however, Guarneros's contention that the Collection Fee Ordinance and Section 1203.1(*l*) require that the restitution collection fee imposed by the court be assessed in an amount equal to the actual cost to the County to recover the restitution amount ordered in a particular case. Guarneros contends that the Legislature and the County intended to "limit[ ] [the fee] to the actual cost of collection" of the restitution amount in a case, and further suggests that it will cost the County merely a small fraction of the $46,544 restitution collection fee ordered in this case to collect his restitution debt.[2]

After considering the language of the statute and relevant ordinance, as well as their practical operation and effect, we conclude that neither the Collection Fee Ordinance nor Section 1203.1(*l*) requires that the court impose a fee equal to the "actual . . . cost of collection" in the case before it. Such an interpretation would be unreasonable, given the fact that the court must impose the fee at the time of sentencing,

---

[2]    For example, Guarneros suggests that data from the County's Office of Revenue and Recovery demonstrates that this agency has an annual budget of $265,177, and that it is currently seeking to recover restitution on 400,000 open accounts. He therefore maintains that it costs the County a mere $.66 per year to collect restitution on each account, and that over his lifetime, the cost to collect restitution from him would be approximately $43.56. Such a simplified analysis fails to adequately approximate the cost to the County of collecting the restitution ordered by courts in San Diego County. However, as we further explain, we also reject the suggestion that in any case in which victim restitution is ordered, the court must attempt to ascertain what it will actually cost the County, in the future, to collect that restitution prior to assessing the restitution collection fee authorized by the Collection Fee Ordinance.

10

*before* the restitution has been collected. Quite simply, it would be impossible for a court to determine, prior to full payment of the restitution amount, what the actual cost of collecting that full payment amount will be.

We further conclude that the references to "the actual administrative cost of collection" in the Collection Fee Ordinance and Section 1203.1(*l*) *describe* the administrative purpose of the fee. In other words, the use of the phrase "to cover the actual administrative cost of collecting," is a descriptive element of the provisions, identifying the administrative basis for the fee being authorized. Thus, the phrase "*to cover* the actual administrative cost of collection" describes the purpose of the fee, but does not require that the court limit the fee amount to an amount equal to the cost of collecting restitution in a particular case.

It is thus clear that pursuant to the Collection Fee Ordinance, which was authorized by Section 1203.1(*l*), the trial court was authorized to impose a 15 percent collection fee in this case, and the court was not required to limit the fee to an amount equal to the cost of collecting restitution from Guarneros. Further, under the circumstances presented by this case, there has been no showing that the court's decision to impose a 15 percent fee on Guarneros was necessarily unreasonable and/or punitive, and therefore, an abuse of discretion. Guarneros owes a significant amount of restitution ($310,360, less any amounts already paid at this point in time). He was ordered to pay that amount at a rate of $200 per month. Given this payment rate, the entire restitution amount will not be paid in full for well over 125 years, long beyond Guarneros's lifetime. Thus, for the rest of Guarneros's life, the County will be responsible for attempting to

11

ensure that Guarneros's restitution amount is paid. The cost of collection efforts over Guarneros's lifetime could be significant.[3] We therefore conclude that the trial court's decision to impose the restitution collection fee at the ceiling of 15 percent permitted by the Collection Fee Ordinance, and to deny Guarneros's motion to waive the fee or in the alternative, reduce the amount of the fee, was not an abuse of discretion.[4]

---

[3] Guarneros suggests that the County will spend even less money attempting to collect restitution from him than from other defendants because his victim, the State Board of Equalization, has its "own collection department." He bases this contention on a conversation his attorney apparently had with someone at the State Board of Equalization regarding its collection department. Guarneros fails to cite to actual evidence in the record to support this contention. However, we are also not convinced that the fact that Guarneros's victim is a governmental entity, possibly with a department dedicated to collecting monies owed to it, entitles Guarneros to a restitution collection fee in an amount less than 15 percent of the restitution ordered.

[4] In connection with this appeal, Guarneros has also requested that this court take judicial notice of documents he obtained from the County's Office of Revenue and Recovery pursuant to a request for additional information placed on May 29, 2015. Guarneros contends that taking judicial notice of these documents would be appropriate pursuant to Evidence Code section 452, subdivision (h), which allows a court to take judicial notice of "[f]acts and propositions that are not reasonably subject to dispute and are capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy." Guarneros contends that these documents reveal that the Office of Revenue and Recovery is actively seeking to collect on only 130,948 accounts, and that at an annual cost of $.66 per account, the Office of Revenue and Recovery should be expending only $86,425.68 per year in its collection efforts. He argues that the $46,544 restitution collection fee ordered in his case "would amount to more than half of the actual cost of collecting upon 130,948 accounts in the aggregate." Even if Guarneros's calculation as to the cost per year for collecting on a single account was correct (which we are disinclined to believe), as Guarneros acknowledges, the trial court was not provided an opportunity to take judicial notice of the documents, given that Guarneros did not seek these documents until after the trial court had ruled on his motion to waive and/or reduce the restitution collection fee imposed in his case. Even if judicial notice were proper, " '[a]s a general rule the [appellate] court should not take . . . [judicial] notice if, upon examination of the entire record, it appears that the matter has not been presented to and considered by the trial court in the first instance.' [Citations.] Such a

IV.

DISPOSITION

The judgment is affirmed.


AARON, J.

WE CONCUR:

McCONNELL, P. J.

PRAGER, J.*

---

rule prevents the unfairness that would flow from permitting one side to press an issue or theory on appeal that was not raised below." (*People v. Hardy* (1992) 2 Cal.4th 86, 134.)

We see no reason to stray from the general rule in this case, particularly given our interpretation of the relevant statute and ordinance, which eliminates the need to establish what the "actual" cost of collecting restitution from Guarneros will be in the future. We therefore deny Guarneros's request for judicial notice.

\* Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.